IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-65,325-01






EX PARTE KARL ROCKWELL, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. CF-03-7427 IN THE 76
TH DISTRICT COURT


FROM CAMP COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of robbery and
sentenced to ten years' imprisonment. He did not appeal his conviction. 

 Applicant contends that his plea was rendered involuntary because counsel advised him that
he would be placed on probation if he agreed to plead guilty. In addition, applicant contends that
counsel was ineffective for not advising applicant of his appellate rights. Applicant has alleged facts
that, if true, might entitle him to relief. Strickland v. Washington, 466 U.S. 608 (1984); Ex parte
Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these circumstances, additional facts are
needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial
court is the appropriate forum for findings of fact. The trial court may use any means set out in Tex.
Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal
recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether applicant is indigent. If
applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney
to represent applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law in regard to applicant's
claims that his plea was involuntary and that counsel failed to advise him of his appellate rights. The
trial court shall also make any other findings of fact and conclusions of law that it deems relevant
and appropriate to the disposition of applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. In addition, the trial court shall
forward to this Court the original trial record in applicant's case. Any extensions of time shall be
obtained from this Court. 




Filed: August 30, 2006

Do not publish